UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>            Plaintiff,<br><br>    v.<br><br>TURKISH AIRLINES, INC, et al.,<br><br>            Defendants. | Case No.  25-cv-03689-AGT<br><br><br>**ORDER:**<br><br>**(I) GRANTING RULE 12(B)(5) MOTION TO DISMISS,**<br>**(II) DENYING MOTIONS FOR DEFAULT JUDGMENT,**<br>**(III) DENYING MOTION FOR SERVICE COSTS,**<br>**(IV) DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 18, 19, 51, 55, 67 |

1. The Court grants Turkish Airlines' Rule 12(b)(5) motion to dismiss for insufficient service of process. Dkt. 67. The amended proof of service states that Plaintiff served "supervisor Rashid in [a] Turkish [A]irlines uniform" at a "check-in counter at SFO airport, International terminal." Dkt. 44 at 5. Plaintiff hasn't established that supervisor Rashid was one of the officers or authorized agents who could accept service on behalf of the company. *See* Cal. Civ. Proc. Code § 416.10; Fed. R. Civ. P. 4(h)(1)(B). As a result, the Court concludes that Plaintiff didn't adequately serve Turkish Airlines. Plaintiff must perfect service by April 10, 2026, or his claims against Turkish Airlines will be dismissed.

2. Because Plaintiff didn't serve Turkish Airlines, the Court denies Plaintiff's motions for default judgment. Dkts. 19, 55. Valid service of process is a prerequisite for default

judgment. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). Plaintiff also moved for default judgment against Scandinavian Airlines of North America, Inc. (SANA), but later dropped all claims against SANA. Dkts. 19, 29, 63. Because Plaintiff isn't pursuing claims against SANA, the Court cannot enter default judgment against SANA.

3. The Court denies Plaintiff's motion to recover service costs. Dkt. 18. Under Rule 4(d), if a plaintiff asks a defendant to waive service and the defendant refuses without good cause, the Court "must impose on the defendant . . . the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2)(A). For this rule to apply to a corporate defendant, the plaintiff must make the waiver request "in writing" and address it to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Plaintiff hasn't proven that he complied with this requirement. He hasn't shown that he served the waiver request on any of the listed persons. As a result, there will be no reimbursement of service costs under Rule 4(d).

4. Plaintiff's motion for sanctions (dkt. 51) is denied. Plaintiff hasn't identified any conduct by opposing counsel that would warrant imposing sanctions.

\* \* \*

Having granted Turkish Airlines' Rule 12(b)(5) motion, the Court won't separately evaluate the company's Rule 12(b)(6) motion to dismiss for failure to state a claim. Dkt. 67. Yet with a view toward future proceedings, the Court notes that there is a discrepancy between Plaintiff's allegations and Turkish Airlines' characterization thereof. In its motion, Turkish Airlines states that, although Turkish Airlines initially didn't allow Plaintiff to board his flight, he was ultimately "transported." Dkt. 67 at 8. Plaintiff instead alleges that Turkish Airlines didn't allow him to board, and that he "lost prepaid air-tickets and [a] prepaid hotel

2

reservation" as a result, dkt. 63 at 5—suggesting that he was not "transported." If Plaintiff perfects service and Turkish Airlines again moves to dismiss under Rule 12(b)(6), Turkish Airlines must address this discrepancy or alter its characterization of the allegations. On a Rule 12(b)(6) motion to dismiss, the Court must construe the allegations in the light most favorable to the plaintiff. *Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022).

     **IT IS SO ORDERED.**

Dated: March 18, 2026

                    Alex G. Tse
                    United States Magistrate Judge