UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SERGEY FIRSOV,<br><br>                    Plaintiff,<br><br>          v.<br><br>TURKISH AIRLINES, INC, et al.,<br><br>                    Defendants. | Case No.  25-cv-03689-AGT<br><br>**ORDER ON (I) MOTION TO DISMISS FIRST AMENDED COMPLAINT; (II) MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 81, 83 |

Defendant Turk Hava Yollari, A.O., dba Turkish Airlines ("Turkish Airlines"), has moved to dismiss all claims against it in Plaintiff Sergey Firsov's first amended complaint. Dkt. 83. Having considered the amended complaint and the parties' briefing, the Court concludes that the motion to dismiss has merit and grants it. Another amendment would be futile, so the Court denies Firsov's request for leave to amend. Dkt. 81.[1]

The incident at issue happened during the boarding process for an international flight at the San Francisco International Airport (SFO). The roundtrip flight began and ended in the United States, so the Montreal Convention applies. *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 ("Montreal Convention"),

---

[1] The other defendant, Scandinavian Airlines System Denmark-Norway-Sweden ("SAS"), has moved to dismiss all claims against it based on insufficient service of process. Dkt. 103. SAS's motion isn't fully briefed yet and will be considered at a later date in a separate order.

S. Treaty Doc. No. 106-45, 1999 WL 33292734, Art. 1; *Lee v. Korean Air Lines Co.*, 2019 WL 77433, at *2 (W.D. Wash. Jan. 2, 2019) ("[T]he 'place of destination' for a roundtrip ticket is the same place as that of departure."); *QBE Ins. (Int'l) Ltd. v. EVA Airways Corp.*, 943 F. Supp. 2d 1022, 1025 (N.D. Cal. 2013) (noting that the United States is a signatory to the Montreal Convention).

Under the Montreal Convention, Firsov can sue Turkish Airlines only for (i) death or bodily injury, (ii) loss or damage to checked baggage or cargo, or (iii) damage caused by delay. Arts. 17–19; *Singh v. Asiana Airlines*, No. 14-CV-05556-JSC, 2015 WL 983821, at *3 (N.D. Cal. Mar. 4, 2015). He hasn't plausibly alleged any such injury, loss, or damage and so hasn't stated an actionable claim.

Firsov alleges that at the SFO departure gate, he initially refused to consent to a biometric screening of his face implemented by U.S. Customs and Border Protection. FAC, Dkt. 63 at 4. Turkish Airlines tried to find CBP staff who could administer a manual screening, but when that attempt wasn't successful, Turkish Airlines told Firsov he wouldn't be able to fly and started unloading his luggage. *Id.* At that point, Firsov "agreed to [the] collect[ion] [of] his face info," and Turkish Airlines allowed him to board. *Id.*; *see also* Opp'n, Dkt. 88 at 1–2 (explaining that Turkish Airlines "later . . . allowed [him] to board") (emphasis omitted).

Firsov wasn't physically injured. He alleges only that he suffered emotional distress as a result of the biometric screening. Dkt. 63 at 4. "[P]hysical manifestations of emotional and mental distress do not satisfy the 'bodily injury' requirement in Article 17." *Carey v. United Airlines*, 255 F.3d 1044, 1051 (9th Cir. 2001).[2] As a result, Firsov's emotional

---

[2] *Carey* interpreted a materially similar provision in the Warsaw Convention. "In interpreting

distress isn't actionable under the Montreal Act.

Nor has Firsov identified any loss or damage to his checked baggage or any material delay in his flight, much less damage caused by any such delay. He does allege that he was delayed "forever," dkt. 63 at 4, but this is a "naked assertion[] devoid of further factual enhancement," and won't be credited as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). More concretely, and inconsistent with his delayed "forever" allegation, Firsov alleges that he ultimately "agreed to [the] collect[ion] [of] his face info," dkt. 63 at 4, and he doesn't identify any specific delay or claim that he needed to take a different flight.

Firsov hasn't stated an actionable claim under the Montreal Convention.

He also brings state-law claims; but because those claims are "premised on the same conduct as his Montreal Convention claims and seek to impose liability on [Turkish] Airlines for conduct covered by the Convention, those claims are preempted." *Firsov v. Austrian Airlines AG*, No. 5:25-CV-03504-PCP, 2026 WL 1413122, at *5 (N.D. Cal. Mar. 31, 2026).

His final claim, for violation of the Convention on International Civil Aviation, Dec. 7, 1944 ("Chicago Convention"), 61 Stat. 1180, isn't actionable, either. "[T]he Chicago Convention does not create a private right of action enforceable against [Turkish Airlines] by Mr. Firsov as a civil passenger." *Firsov v. Qatar Airways Grp.*, No. 5:25-CV-05325-BLF, 2026 WL 915293, at *3 (N.D. Cal. Apr. 3, 2026).

Firsov has had two opportunities to plead claims against Turkish Airlines. He hasn't stated an actionable claim or identified any allegations he could add to do so. In a motion to amend his complaint again, Firsov proposes adding claims unrelated to the incident in

---

the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 n.2 (9th Cir. 2014).

question, based on allegations that Turkish Airlines has sought to defraud passengers by incorporating outside the United States despite regularly flying out of SFO. *See* Dkt. 81 at 6–7. As alleged, those proposed claims are frivolous and don't warrant leave to amend.

Turkish Airlines' motion to dismiss is granted. Firsov's motion for leave to amend is denied. All claims against Turkish Airlines are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 8, 2026

Alex G. Tse
United States Magistrate Judge