UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>            Plaintiff,<br><br>      v.<br><br>TURKISH AIRLINES, INC, et al.,<br><br>            Defendants. | Case No.  25-cv-03689-AGT<br><br><br>**ORDER TO SHOW CAUSE<br>REGARDING POTENTIAL<br>MISJOINDER** |

To date, the Court has primarily addressed Sergey Firsov's claims against Defendant Turk Hava Yollari, A.O. ("Turkish Airlines"). Most significantly, on June 8, 2026, the Court granted Turkish Airlines' motion to dismiss without leave to amend. Dkt. 106.

The second defendant in the case, Scandinavian Airlines System Denmark-Norway-Sweden ("SAS"), has also moved to dismiss Firsov's operative complaint, for insufficient service of process. Dkt. 103. Before addressing that motion, however, the Court issues this order to show cause on whether Firsov properly joined SAS as a defendant.

Turkish Airlines and SAS are not related entities. They are competing airlines. Firsov doesn't assert a right to relief against them "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2)(A). He brings claims against each airline based on events that took place on

different dates during the boarding process for different flights. On both occasions, what allegedly transpired was similar: at an SFO gate for an international flight, SAS (on February 3, 2023) and Turkish Airlines (on May 5, 2023) refused to allow Firsov to board unless he consented to a facial-recognition screening implemented by U.S. Customs and Boarder Protection. *See* Dkt. 63, First Amend. Compl. at 3–4. What happened was similar and may generate common questions of law, but more is required for joinder.

To join multiple defendants in the same lawsuit, the plaintiff must assert a right to relief against the defendants that arises "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). It doesn't appear that Firsov's complaint satisfies this standard. As noted above, SAS and Turkish Airlines are unrelated entities, and Firsov is pursuing claims against them based on different encounters on different dates. His claims clearly don't arise out of the same transaction or occurrence. Nor do they appear to arise out of the same "series of transactions or occurrences." *Id.* A "series" suggests a relationship between the events that took place. Here, there is no such relationship. Different airline employees for two unrelated airlines made their own independent judgments, on different dates, that Firsov couldn't board an international flight without first submitting to a facial scan. Those events are not linked, even if they resemble each other.

The situation at issue bears some resemblance to cases in which a patent holder sues distinct entities for patent infringement based on allegations that they each infringed the patent, but with different infringement dates and different infringing products. In that scenario, even though there may be common questions of law, joiner isn't permitted. *See, e.g.,* *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("The only connection between the two sets of defendants is that they may have infringed the same patents owned

by Pergo. However, the fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *see also* 35 U.S.C. § 299(b) (codifying the same rule). Likewise here, even if SAS and Turkish Airlines both required Firsov to submit to facial-recognition screening before boarding an international flight, that similitude alone doesn't appear sufficient "to join unrelated parties as defendants in the same lawsuit." *Pergo*, 262 F. Supp. 2d at 128.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In light of the above, the Court orders Firsov to show cause, by July 22, 2026, for why the Court shouldn't drop SAS as a defendant in this lawsuit. SAS may also provide its position on potential misjoinder and severance by the same date. The July 10, 2026, hearing on SAS's motion to dismiss (dkt. 103) is vacated.

**IT IS SO ORDERED.**

Dated: July 8, 2026

Alex G. Tse
United States Magistrate Judge

3